UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

JACK BRETT,

                                     Plaintiff,

-against-

LEVITON MANUFACTURING CO., INC.,
HAROLD LEVITON, STEVE CAMPOLO,
ARK FOGEL, and STEVEN SOKOLOV,

                                     Defendants.

-------------------------------------------------------------X

SIFTON, CH. J.

LEVY, M.

COMPLAINT
CV 03 1375
Index No.:

Trial by Jury Is Requested

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★     MAR 2 1 2003     ★

## PRELIMINARY STATEMENT LONG ISLAND OFFICE

1.     Jack Brett's (hereinafter "Plaintiff") claims for relief seek declaratory, injunctive

and equitable relief; liquidated, compensatory and punitive damages; and costs of attorneys' fees

for, *inter alia,* the arbitrary refusal of Leviton Manufacturing Co., Inc. (hereinafter "Leviton") and

the individual defendants, in breach of contractual and other legal obligations, to pay severance

due Plaintiff upon his termination from Leviton's employ; and for, *inter alia,* discrimination

against Plaintiff based on his age for Defendants refusal to provide a severance package to

Plaintiff, but did provide severance package to younger, similarly-situated employees in violation

of §290, *et seq.,* of the New York Executive Law ("New York Human Rights Law" or

"NYSHRL"), §8-101, *et seq.* of the New York City Administrative Law; and the Age

Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §621, *et seq.*

## JURISDICTION

2.     This action arises under (i) 29 U.S.C. §621, *et seq.,* (ii) §290, *et seq.* of the New

York Executive Law, (iii) §8-101, *et seq.* of the New York City Administrative Law, and (iv)

New York common law.

3.      Jurisdiction over the federal claims is invoked pursuant to 28 U.S.C. §1343; 29 U.S.C. §621, *et seq.*; and 28 U.S.C. §1331. This Court has pendent jurisdiction over Plaintiff's state causes of action under the NYSHRL, the New York City Administrative Law and New York common law since all of Plaintiff's claim arise from the same nucleus of operative facts. See 28 U.S.C. §1367.

4.      On or about August 17, 2001, Plaintiff timely filed charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New York State Division of Human Rights. Annexed hereto as Exhibit "A" is a true and accurate copy of said charge. A Notice of Right to Sue was issued by the EEOC on February 24, 2003. Annexed hereto as Exhibit "B" is a true and accurate copy of such Notice.

5.      Declaratory, injunctive and equitable relief is sought pursuant to 28 U.S.C. §2201, and 2202; 29 U.S.C. §621, *et seq.*, §290, *et seq.* of the New York Executive Law; §8-101, *et seq.* of the New York City Administrative Law and Rule 54 of the Fed. R. Civ. Pro.

6.      Plaintiff seeks compensatory damages pursuant to 29 U.S.C. §621, *et seq.*; §290, *et seq.* of the New York Executive Law; New York common law and §8-101, *et seq.* of the New York City Administrative Law, including but not limited to damages for humiliation, pain, loss of dignity suffering and emotional distress.

7.      Plaintiff also seeks full punitive and/or liquidated damages available under 42 U.S.C. §1988; and §8-101, *et seq.* of the New York City Administrative Law.

8.      Plaintiff seeks costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988; 29 U.S.C. §621, *et seq.*, and the Federal Rules of Civil Procedure (54(d)(2)).

2

## VENUE

9.     Plaintiff's causes of action properly lies in the Eastern District of New York,

United States District Court, pursuant to 28 U.S.C. §1391 since Plaintiff's claims arose in this

judicial district.

## THE PARTIES

10.     At all relevant times, Plaintiff, seventy-one (71) years old, has resided at 79 Tobin

Avenue, Great Neck, New York 11021-4436. Plaintiff holds a D. Eng. Sc. degree (Doctorate in

Engineering Science) from Columbia University.

11.     Upon information and belief, at all relevant times Defendant Leviton

Manufacturing Co. Inc. (hereinafter "Leviton") is an employer within the meaning of "employer"

under 29 U.S.C. §621, *et seq.*, since it employs over 20 employees and engages in a business

which effects commerce. Upon information and belief, Defendant Leviton is licensed to do

business in the State of New York and was formed pursuant to the laws of this State. Leviton is

in the business of manufacturing electrical wiring devices (i.e., switches and receptacles) and,

upon information and belief, has its principal place of business at 59-25 Little Neck Parkway,

Flushing, County of Queens, New York 11362.

12.     Upon information and belief, Defendant Leviton is an employer within the meaning

of "employer" under §290, *et seq.* of the New York Human Rights Law and §8-101, *et seq.*, of

the New York City Administrative Code since it employs over four (4) employees and engages in

a business which effects commerce. Upon information and belief, Defendant Leviton is licensed

to do business in the State of New York and was formed pursuant to the laws of this State.

Leviton is in the business of manufacturing electrical wiring devices (i.e., switches and

3

receptacles) and, upon information and belief, has its principal place of business at 59-25 Little Neck Parkway, Flushing, County of Queens, New York 11362.

13. At all relevant times, Defendant Harold Leviton ("H. Leviton") was the Chief Executive Officer and/or principal owner of Leviton. Defendant H. Leviton had the authority to discharge and/or provide Plaintiff with a severance package and/or recommend that Leviton discharge and/or provide a severance package to Plaintiff.

14. At all relevant times, Defendant Steve Campolo ("Campolo") was an employee of Leviton. Defendant Campolo, Plaintiff's supervisor, had the authority to discharge and/or recommend that Leviton provide Plaintiff with a severance package and/or discharge and/or provide a severance package to Plaintiff.

15. At all relevant times, Defendant Mark Fogel ("Fogel") was an employee of Leviton. Defendant Fogel was the Director of Human Resources and, as such, had the authority to discharge and/or provide Plaintiff with a severance package and/or recommend that Leviton discharge and/or provide Plaintiff a severance package.

16. At all relevant times, Defendant Steven Sokolov ("Sokolov") was an employee of Leviton. Defendant Sokolov was the Group Vice-President in charge of Engineering and was also Plaintiff's supervisor. Defendant Sokolov had the authority to discharge and/or provide Plaintiff with a severance package and/or recommend that Leviton discharge and/or offer a severance package to Plaintiff.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

17. In or about 1981, Dr. Brett was hired by Leviton as a Corporate Research Metallurgist and continued in that position until his termination on or about May 3, 2002.

4

18. In such position, Plaintiff's duties and responsibilities included, but were not limited to, the following: (i) assisting designers in the selection of metals and materials; (ii) analysis of failures of field returns and failures in the test lab; (iii) the characterization of materials and competitive devices; and (iv) support for liability litigation against the company.

19. In or about March, 1996, and again in November, 2001, Leviton offered a company-wide voluntary enhanced retirement program to a number of employees, including Dr. Brett.

20. In or about December, 2001, Dr. Brett approached Defendant Campolo to discuss his possible retirement through the voluntary enhanced retirement program. Defendant Campolo advised Dr. Brett that if he took advantage of the retirement package, the company wanted him to continue with the company in the position as consultant. Dr. Brett advised Defendant Campolo that he preferred to continue working in his present capacity and was not amenable to accept the enhanced retirement.

21. On or about April 26, 2002, Defendant Campolo proposed that Dr. Brett either consider changing his status from a full-time employee to part-time employee, three days per week, or associate with the company as a self-employed consultant.

22. In the course of contemplating the options, Dr. Brett inquired as to what type of severance package Leviton was offering under this revised option. Defendant Campolo advised Dr. Brett that Leviton would not pay him severance, despite a written severance package policy, to the contrary. Attached hereto as Exhibit "C" is a true and accurate copy of Defendant Leviton's policy effective 1991.

5

23. On or about May 2, 2002, Dr. Brett met with Defendants Campolo and Fogel regarding Dr. Brett's employment with Leviton. When Dr. Brett indicated that he would not accept either options offered, to wit, working a part-time position or in a consulting position, without a severance arrangement, Defendant Fogel advised Dr. Brett that he was terminated.

24. On or about March 17, 2003, Plaintiff timely served copies of the Complaint herein to the New York City Commission of Human Rights ("NYCCHR") and Corporate Counsel for New York City. See, copies of correspondence dated March 17, 2003 attached hereto as Exhibit "D".

25. As a direct result of his treatment by Defendants, Plaintiff has suffered emotional distress, mental anguish, physical pain, discomfort and humiliation.

## AS AND FOR A FIRST CLAIM OF RELIEF
## AGAINST DEFENDANT LEVITON

26. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "25" of this Complaint with the same force and effect as if same or more fully set forth at length herein.

27. Defendant Leviton is an employer within the meaning of the ADEA. Upon information and belief, Defendant Leviton employs more than twenty (20) employees are within the jurisdiction of this Court.

28. Plaintiff is a seventy-one (71) year old man and is therefore a member of the protected class under the ADEA at all relevant times.

29. Defendant Leviton by its conduct, violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.*, by failing to provide Plaintiff with severance, because of his

6

age, and provided severance to younger similarly situated employees.

30.     Since age was a motivating factor and made a difference in Defendant Leviton's

employment decision, Defendant Leviton has violated the Age Discrimination in Employment Act

with knowing and reckless disregard of the acts proscriptions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
## BREACH OF CONTRACT

31.     Plaintiff repeats and reiterates each and every allegation as contained in paragraph

marked and numbered "1" through "30" of this Complaint as if same or more fully set forth at

length herein.

32.     Leviton's lay-off policy, which includes severance payments, has been effective

since 1991. Upon information and belief, the policy was distributed to Leviton Group leaders and

various supervisors, including Dr. Brett.

33.     The policy specifically states "This policy will apply only when employment is

terminated at the initiation of the company and as a result of the elimination of a position or due

to the dissolution or reassignment of functions of that position."

34.     Such policy was never terminated and/or if such policy was terminated, employees

such as Plaintiff were never notified in writing.

35.     Dr. Brett was terminated on May 3, 2002.

36.     Pursuant to Defendant Campolo's and Defendant Fogel's request that Dr. Brett

either accept a part-time position or work as a consultant, said change in job status qualifies as a

dissolution or reassignment of Dr. Brett's position under the policy.

7

37. Leviton has breached its own lay-off policy by failing to provide a severance package to Dr. Brett while, at the same time, providing such payments to similarly situated individuals.

38. Leviton's refusal to make severance payment violates the policy and Leviton's breach of same has damaged the Plaintiff in the amount of at least $78,200.00.

## AS AND FOR A THIRD CLAIM FOR RELIEF
## DECLARATORY JUDGMENT

39. Plaintiff repeats and reiterates each and every allegation as contained in paragraph marked and numbered "1" through "38" of this Complaint as if same or more fully set forth at length herein.

40. A dispute has arisen between the Plaintiff and Defendants with respect to Plaintiff's rights under the aforementioned policy.

41. Leviton refused to provide a severance package to Dr. Brett asserting that he is not covered by the policy and/or that the policy was no longer in effect at the time Plaintiff was terminated. Plaintiff disagrees since the policy was distributed to Group leaders and various supervisory employees, including Dr. Brett, on or before March 1, 1991 and, upon information and belief, no employees, including Dr. Brett, were informed that the policy was no longer effective.

42. There exists a justiciable controversy between the parties regarding the continuation of the policy. Plaintiff respectfully requests that this Court grant a declaratory judgment declaring the rights and relationships of the parties and the obligations of Defendant Leviton to pay Dr. Brett a severance package.

8

57.     At all relevant times, Plaintiff performed his duties in a satisfactory and competent manner, and was qualified for his position at Leviton.

58.     At all relevant times, Defendants H. Leviton, Campolo, Fogel and Sokolov directly participated in the decision to approve, condone, aid, abet, and/or ratify Leviton's refusal to provide Plaintiff with severance.

59.     At all relevant times, Defendants H. Leviton, Campolo, Fogel and Sokolov had the authority to provide Plaintiff with severance, participated in the decision to refuse Plaintiff severance and/or participated in the decision to provide severance to younger similarly situated employees.

60.     Defendants have violated §8-101, *et seq.* of the New York City Administrative Law by maliciously, intentionally and/or recklessly failing to grant him the same benefits, terms and/or conditions of employment at Leviton as granted to similarly situated employees on the basis of Plaintiff's age.

**WHEREFORE,** Plaintiff demands judgment as follows: .

a.      empanel a jury of Plaintiff's peers;

b.      declare the conduct engaged in by Defendants to be in violation of Plaintiff's rights;

c.      award Plaintiff damages against the Defendant in an amount not less than $78,200.00;

d.      that this Court declare and determine that pursuant to the terms of the policy Leviton must pay a severance package to Dr. Brett;

e.      award Plaintiff damages against the Defendant in an amount not less than

11

$78,200.00;

    f.     award Plaintiff full compensatory damages;

    g.    award Plaintiff full liquidated and/or punitive damages; and

    h.    granting such other relief as this Court may deem just and proper.

Dated: Jericho, New York
      March 17, 2003

                              Yours, etc.

                              SLAVIN, ANGIULO & HOROWITZ, LLP

                              By _____

                                L. SUSAN SCELZO SLAVIN (LSS 1916)
                                Attorneys for Plaintiff
                                350 Jericho Turnpike, Suite 101
                                Jericho, New York 11753
                                (516) 942-9300

350 JERICHO TURNPIKE
Suite 101
JERICHO, NEW YORK 11753

**Respond to (516) 942-9300**

Slavin Law Firm, P.C.

L. Susan Scelzo Slavin

Michele Gapinski
Marc Andrew Kramer

Kiernan, Angiulo & Horowitz, LLP

Michael D. Angiulo*
Hedy R. Horowitz

Michelle Jablonsky

*Also Member of California Bar
Gladys M. Kiernan (1906-1998)

Of Counsel
Steven M. Coren
John P. Foster
Donald S. Hecht
John N. Tasolides

*By Appointment Only*
570 Lexington Avenue
New York, NY 10022

November 12, 2002

*Via Certified Mail*
*Return Receipt Requested*

Intakes
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004

Re: <u>Jack Brett v. Leviton Manufacturing Co.</u>

Dear Sir/Madam:

We represent the Complainant with regard to the above-referenced matter against his employer, Leviton Manufacturing, Inc. Enclosed herewith please find one (1) original and four (4) copies of a Charge of Discrimination with annexed Rider against Leviton Manufacturing, Inc. and other defendants by Mr. Jack Brett.

We appreciate the expeditious filing of this matter with the EEOC. If you have any questions or comments regarding this matter, please do not hesitate to contact me. Thank you for your courtesy and cooperation in this matter.

Very truly yours,

*Marc Andrew Kramer / JF*

MARC ANDREW KRAMER

MAK/jf/encls.

CC:    Mr. Jack Brett

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

Article Sent To:

8914

| | | |
|---|---|---|
| Postage | $ | |
| Cert'fied Fee | | |
| Return Receipt Fee (Endorsement Required) | | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

7302 0008 3220 7099

Name (Please Print Clearly) (To be completed by mailer)
Intakes — EEOC NY District Office

Street, Apt. No.; or PO Box No
33 Whitehall St. 5ᵗʰ Flr.

City, State, ZIP+4
NY NY 1000 4

PS Form 3800, July 1999        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete Items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Intakes
Equal Employment
Opportunity Commission
N.Y. District Office
33 Whitehall St. 5ᵗʰ Flr.
NY, NY 1000 4

**COMPLETE THIS SECTION ON DELIVERY**

A. Received by (Please Print Clearly)
E. Nikon

B. Date of Delivery
11/18/02

C. Signature
X Enoch W Nyo    ☐ Agent  ☐ Addressee

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☒ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Copy from service label)
7099 3220 0008 7182 8914

PS Form 3811, July 1999        Domestic Return Receipt        102595-00-M-0952

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; see Privacy Act Statement before completing this form.

AGEN[ ] CHARGE NUMBER

[ ] [X] EEOC

| | New York Division Of Human Rights | and EEOC |
|---|---|---|

State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Dr. Jack Brett | (516) 482-1916 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 79 Tobin Avenue, Great Neck, NY 11021-4436 | | 7/10/31 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Leviton Manufacturing Co., Inc. | 700 + | (718) 229-4040 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 59-25 Little Neck Parkway, Flushing, NY 11362 | | Queens |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| Steve Campolo c/o Leviton Manufacturing Co., Inc. | (718) 229-6672 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 59-25 Little Neck Parkway, Flushing, NY 11362 | | Queens |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [X] AGE

[ ] RETALIATION  [ ] NATIONAL ORIGIN  [ ] DISABILITY  [ ] OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA) 4/26/02  LATEST (ALL) 5/2/02

[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

## SEE ADDENDUM FOR PARTICULARS

Additional Parties:

1. Mark Fogel
   c/o Leviton Manufacturing Co., Inc.
   59-25 Little Neck Parkway
   Flushing, NY 11362
   (718) 229-6580
   Queens County

2. Steven Sokolov
   c/o Leviton Manufacturing Co., Inc.
   59-25 Little Neck Parkway
   Flushing, NY 11362
   (718) 229-6370
   Queens County

3. Harold Leviton
   c/o Leviton Manufacturing Co., Inc.
   59-25 Little Neck Parkway
   Flushing, NY 11362
   (718) 229-6565
   Queens County

| I want this charge filed with both the EEOC and the State or local Agency. If any, I will advise the agencies If I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY - (When necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

Date Nov 5, 2002  Charging Party (Signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)

EEOC FORM 5 (10/94)

MARC ANDREW KRAMER
Notary Public, State of New York
No. 02KR6089692
Qualified in Nassau County
Commission Expires Feb. 11, 2006

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
NEW YORK REGIONAL OFFICE

-------------------------------------------------------------------X

JACK BRETT,

                      Complainant,                 RIDER TO CHARGE
                                                 OF DISCRIMINATION

- against -

LEVITON MANUFACTURING CO., INC.,
HAROLD LEVITON, as Chief Executive Officer
and Owner, STEVE CAMPOLO, as Vice-President
for Personal Protection Products, MARK
FOGEL, as Director of Human Resources, and
STEVEN SOKOLOV, as Group Vice-President
in Charge of Engineering,,

                                   Respondents.

-------------------------------------------------------------------X

I, JACK BRETT, hereby state and depose under the pains and penalties of perjury that:

1.     I am the Complainant in the above-referenced matter and bring this Charge of

Discrimination to seek redress for Respondents' violation of my civil rights under 29 U.S.C. §621

*et seq.*, the Age and Employment Discrimination Act ("ADEA"), §290 *et seq.*, of the New York

State Human Rights Law ("NYSHRL") and §8-101 of the New York City Human Right Law

("NYCHRL").

2.     I am a seventy-one (71) year old male who resides at 79 Tobin Avenue, Great

Neck, NY, County of Nassau, New York, 11021-4436. My telephone number is 516-482-1916.

3.     Respondent, Leviton Manufacturing Co., Inc. ("Leviton") is a private corporation

and/or company which engages in industry affecting commerce and more specifically is in the

business of manufacturing electrical wiring devices (i.e., switches and receptacles). At all relevant

times, Leviton employed and continues to employ more than twenty (20) employees.

1

4.      Upon information and belief, Leviton's principal place of business or headquarters is located at 59-25 Little Neck Parkway, Flushing, County of Queens, New York, 11362.

5.      At all relevant times, Respondent, Harold Leviton ("H. Leviton") was the Chief Executive Officer and/or owner of Leviton. Respondent H. Leviton had the authority to discharge and/or provide Complainant with a severance package and/or recommend that Leviton discharge and/or provide a severance package to Complainant.

6.      At all relevant times, Respondent Steve Campolo ("Campolo") was an employee of Leviton. Respondent Campolo was a supervisor of Complainant and had the authority to discharge and/or recommend that Leviton provide Complainant with a severance package and/or discharge and/or provide a severance package to Complainant.

7.      At all relevant times, Respondent Mark Fogel ("Fogel") was an employee of Leviton. Respondent Fogel was the Director of Human Resources and as such had the authority to discharge and/or provide Complainant with a severance package and/or recommend that Leviton discharge and/or provide Complainant a severance package.

8.      At all relevant times, Respondent Steven Sokolov ("Sokolov") was an employee of Leviton. Respondent Sokolov was the Group Vice-President in charge of Engineering and was a supervisor of Complainant. Respondent Sokolov had the authority to discharge and/or provide Complainant with a severance package and/or recommend that Leviton discharge and/or offer a severance package to Complainant.

9.      In or about 1981, I was hired by Leviton as a Corporate Research Metallurgist and continued in that position until my termination on or about May 3, 2002.

10.     In such aforementioned position, my duties and responsibilities included, but were

2

not limited to, the following: (i) assisting designers in the selection of metals and materials; (ii) analysis of failures of field returns and failures in the test lab; (iii) the characterization of materials and competitive devices; and (iv) support for liability litigation against the company.

11. At all times I performed my job responsibilities in a superior manner.

12. On or about May 2, 2002, Respondents terminated my employment. Pursuant to a corporate policy, I was to receive a severance package.

13. I was advised by Respondents that I would not be paid a severance despite the written severance package policy.

14. Respondents provided severance to younger, similarly situated employees.

15. For the foregoing reasons, I believe that Respondents have violated my rights under 29 U.S.C. §621 *et seq.*, the Age and Employment Discrimination Act ("ADEA"), §290 *et seq.*, of the New York State Human Rights Law ("NYSHRL") and §8-101 of the New York City Human Rights Law ("NYCHRL").

16. Through this Charge of Discrimination, I claim my rights under the aforementioned civil rights statutes.

_____
JACK BRETT

Sworn to before me this
5ᵗʰ day of November, 2002.

_____
Marc Andrew Kramer

Notary Public

MARC ANDREW KRAMER
Notary Public, State of New York
No. 02KR6069692
Qualified in Nassau County
Commission Expires Feb. 11, 20.06

3

# DISMISSAL AND NOTICE OF RIGHTS

Case 1:03-cv-01375-CPS-RML   Document 1   Filed 03/21/03   Page 19 of 25 PageID #: 19

To:
Jack Brett
79 Tobin Avenue
Great Neck, New York 11021

From:
Equal Employment Opportunity Commission
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 160-A3-00357 | Legal Unit  R-1 | (212) 336-3721 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   We cannot investigate your charge because it was not filed within the time limit required by law.

[ ]   Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

[ ]   While reasonable efforts were made to locate you, we were not able to do so.

[ ]   You had 30 days to accept a reasonable settlement offer that afford full relief for the harm you alleged.

[ X ]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state) _____

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** from your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_____
Spencer H. Lewis, Jr., District Director

2/25/03
(Date Mailed)

Enclosure(s)

cc:   Respondent(s):   Leviton Manufacturing, Co., Inc
                        C/O Richenthal, Abrams & Moss
                        122 East 42nd Street
                        New York, New York 10168
                        Attn: Donald Richenthal

C/P Attorney: Slavin, Angiulo & Horowitz, LLP
350 Jericho Turnpike, Suite 101
Jericho, New York 11753
Attn: Marc A. Kramer



## LAYOFF POLICY
### (EFF. 3/1/91)

This policy will apply only when employment is terminated at the initiatic of the Company and as a result of the elimination of a position or due to the dissolution or reassignment of functions of that position.

It will be the responsibility of the Personnel Director to insure the circumstances of termination are covered by this policy prior to its implementation or divulgence to an affected employee.

### 1. SEVERANCE PAY

Following termination, the employee will continue to receive base rate of pay in accordance with the schedule below. Minimum severance pay will be no less than one week for employees with more than 3 months seniority and two weeks for employees with more than 6 months seniority. Terminating employees wishing to receive severance pay will agree in writing to refra: from working for a direct competitor of the Company or disclosing any Leviton confidential information to any company.

NON-EXEMPT EMPLOYEES:
   One week's pay for each full year completed.

EXEMPT EMPLOYEES EARNING LESS THAN $50,000 ANNUAL BASE PAY:
   One and a half weeks' pay for each full year completed.

EXEMPT EMPLOYEES EARNING MORE THAN $50,000 ANNUAL BASE PAY:
   Two weeks' pay for each full year completed.

### 2. INSURANCE

Health insurance ceases on date of termination unless employee elects continuance under Federal COBRA regulations (see attached). Life insurance ceases on date of termination. Employees with a minimum of ten years seniority who are eligible for and elect immediate retirement will receive lifetime major medical insurance, provided they acknowledge in writing that the Company may require them to contribute toward the costs such insurance. In addition, employees electing immediate retirement wil receive life insurance in declining amounts of 50% to 15% of the insuranc in effect prior to termination, in accordance with their age.

### 3. VACATION PAY

Unused vacation accrued through the last full month worked will be paid t week following last day worked.

## 5. EDUCATIONAL SUBSIDY

Employees who have received advanced approval for educational studies and have commenced classes prior to the date they have been advised of a layoff will be reimbursed in accordance with the provisions of the Company's education assistance program upon submission of proof of successful completion of studies.

## 6. PENSION

Employees with 5 years seniority are vested in the pension plan and will be informed of their projected pension as soon as practicable after layoff. Employees with at least 15 years seniority and 55 or more years of age are eligible for immediate pension benefits. The Personnel Department will discuss available options and assist in preparing the application for this benefit.

## 7. UNEMPLOYMENT COMPENSATION

Employees who are laid off are eligible to receive unemployment compensation and should contact the unemployment office closest to their home for this benefit.

## 8. RECALL

The Company will make every effort to recall employees on a priority basis. Employees recalled within six months from the date of layoff will be reinstated with their prior seniority. Recalled employees accepting a position of a lower or higher classification than their prior position will be compensated commensurate with the position accepted. Retired employees are not eligible for recall.

## 9. CONSULTING ASSIGNMENTS

Group Vice Presidents may authorize consulting assignments to employees who have been laid off. Such assignments will not exceed the lesser of one year or 50% of the employee's annual base compensation.

## 10. COMPANY PROPERTY

All Company property, such as keys, credit cards, manuals, reports, etc. must be returned to the Company prior to release of final paycheck or commencement of severance pay.

Slavin Law Firm & Angiulo & Horowitz, LLP

350 JERICHO TURNPIKE
Suite 101
JERICHO, NEW YORK 11753

**Respond to (516) 942-9300**

Slavin Law Firm, P.C.

L. Susan Scelzo Slavin

Michele Gapinski
Marc Andrew Kramer

Kiernan, Angiulo & Horowitz, LLP

Michael D. Angiulo*
Hedy R. Horowitz

*Also Member of California Bar
Gladys M. Kiernan (1906-1998)

Of Counsel
Steven M. Coren
John P. Foster
Donald S. Hecht
John N. Tasolides

*By Appointment Only*
570 Lexington Avenue
New York, NY 10022

March 17, 2003

## CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Corporation Counsel
City of New York
100 Church Street
New York, New York 10007

### Re: Jack Brett v. Leviton, et al.

Dear Sir/Madam:

We represent Plaintiff, Jack Brett, in the above-referenced matter. Enclosed please find a Summons and Complaint which has alleged a violation of Title 8 of the Administrative Code of the City of New York ("Administrative Code"). Accordingly, pursuant to Section 8-502 (c) of the Administrative Code, we are serving you with a copy of the Summons and Complaint which will be filed in the United States District Court, Eastern District of New York. Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Marc Andrew Kramer

MARC ANDREW KRAMER

MAK:jf
Enclosure
cc:    Jack Brett

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

JACK BRETT,

Plaintiff,

- against -

**AFFIDAVIT OF SERVICE
BY MAIL**

LEVITON MANUFACTURING CO., INC.,
HAROLD LEVITON, STEVE CAMPOLO,
MARK FOGEL, and STEVEN SOKOLOV,

Index No.:

Defendants.

------------------------------------------------------------------X

STATE OF NEW YORK )
                                )ss:
COUNTY OF NASSAU  )

Jamie Fierro, being duly sworn, deposes and says: I am not a party to this action, am over 18 years of age and reside at Wantagh, New York.

On March 17, 2003, I served the within  Summons and Complaint by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known address set forth after each name:

> New York City Commission on Human Rights
> 40 Rector Street (9th Floor)
> New York, New York 10006

> Corporation Counsel
> City of New York
> 100 Church Street
> New York, New York 10007

JAMIE FIERRO

Sworn to before me this
17 th  day of March, 2003

Notary Public

MARC ANDREW KRAMER
Notary Public, State of New York
No. 02KR6069692
Qualified in Nassau County
Commission Expires Feb. 11, 20_06